UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SANDRA GOODMAN** | * | **CIVIL ACTION NO. 6:10-0270** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **JAY ALLEN CAPTERVILLE, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss filed on Behalf of the Abbeville Police Department on August 10, 2010. [rec. doc. 9].  The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 14].

In her Complaint and Amended Complaint, plaintiff, Sandra Goodman, asserts that defendants, the City of Abbeville, the Abbeville Police Department ("APD"), Chief of Police Rick Coleman, and Officers Jay Allen Capterville and Nicholas Picard, violated her civil rights when Officers Picard and Capterville unlawfully entered her property, falsely arrested her using excessive force for leash law and dangerous dog ordinance violations (non-criminal charges) and resisting arrest, thereafter maliciously prosecuting her on these charges, and subsequently altering the charging documents.

In the instant motion, the APD contends that it lacks capacity to be sued and, accordingly, plaintiff has no cause of action against it.  The APD asserts that it "is not a separate and distinct body corporate . . . but rather is merely a division of the greater corporate body, . . . the City of Abbeville" which is a named defendant herein.


## **LAW AND ANALYSIS**

For a plaintiff to sue a city department, it must enjoy a legal existence separate from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Fed.R.Civ.Proc. 17 provides that parties must have the capacity to sue or be sued. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. *See Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D. La. 1999) *citing Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The undersigned has found no law, Constitutional, statutory, or otherwise, that confers upon the APD the authority to sue or be sued, or that entitles it to function independently of the City of Abbeville. Thus, the undersigned concludes that the APD is a department of the City of Abbeville, and not an individual, corporation, partnership, or unincorporated association; as such has no independent legal existence or the capacity to be sued. The affidavit of Abbeville Mayor Mark F. Piazza, attached to the Motion, supports this conclusion.

In so concluding, the undersigned observes that it is well established in a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued.[1] Thus,

---

[1] *See Darby,* 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued); *Norwood,* 1999 WL 777713 at *2-3; *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001); *Dunmars v. City of Chicago*, 22 F. Supp.2d 777, 780-81 (N.D. Ill.1998); *Cooper v. Parrish*, 20 F. Supp.2d 1204, 1211 (W.D. Tenn.1998), *aff'd in part, rvd and vacated in part on other grounds*, 203 F.3d 937 (6th Cir. 2000); *London v. Hamilton,* 1996 WL 942865 at *8 (W.D. N.C. 1996); *Boudreaux,* 1999 WL 804080 at *3

federal courts have consistently dismissed § 1983 claims against entities, such as police departments which are not amenable to suit in their own right.[2]

The defendants concede that the APD is considered part of the City of Abbeville, which is a named defendant herein. Accordingly, dismissal of the APD will not prejudice plaintiff.[3]

Based on the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 9] be **GRANTED** and accordingly, the Abbeville Police Department be **DISMISSED WITH PREJUDICE** from this lawsuit.

---

(same).

[2] *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity). The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.
    *See also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981) (the county rather than the county jail is the legal entity with capacity to be sued); *Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche v. St. Tammany Parish Sheriff's Office,* 67 F.Supp.2d 631, 635 (E.D.La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit"); *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, * (W.D. La. 2006) (same); *Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (same); *Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla.1996) (dismissing § 1983 claim against police department); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Norwood, supra.*(same) *; Boudreaux, supra*. (same); *Causey, supra*. (same); *Dillon v. Jefferson County Sheriff's Dept.,* 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing § 1983 claim against a sheriff department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) *citing Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir. 1993) (same).

[3] Should the City of Abbeville later contest that admission or contest its capacity to be sued, the undersigned shall grant plaintiff leave to amend his pleadings naming the appropriate entity as the proper party defendant. *See Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1026 (5th Cir. 1993) (although a police department may not be a proper party defendant, that conclusion does not constitute a proper ground for dismissing a plaintiff's claims. Rather, in the absence of a showing of prejudice, leave to amend to name the proper party defendant rather than dismissal is appropriate).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed September 7, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

4