# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

SANDRA GOODMAN        *        CIVIL ACTION NO. 6:10-0270

VERSUS        *        JUDGE DOHERTY

JAY ALLEN CAPTERVILLE, ET AL.*        MAGISTRATE JUDGE HILL

## <u>REPORT  AND RECOMMENDATION</u>

Pending before the Court is the Motion to Strike Penalty, Punitive or Exemplary Damages [rec. doc. 7] filed by the City of Abbeville, Chief of Police Rick Coleman, in his individual and official capacity, and Officers Jay Allen Capterville and Nicholas Picard, in their individual and official capacities.  By this Motion, these defendants seek to strike plaintiff's claims for punitive damages.  The Motion been referred to the undersigned for report and recommendation. [rec. doc. 14].

For the following reasons, it is recommended that the Motion to Strike [rec. doc. 9] be **GRANTED in part and DENIED in part**, and, accordingly, plaintiff's claims for punitive damages asserted under Louisiana state law, and plaintiff's claims for punitive damages under federal law against the City of Abbeville, and Chief Coleman, Officer Capterville and Officer Picard, in their official capacities, should be **stricken;** plaintiff's claims for punitive damages under federal law against Chief Coleman and Officers Capterville and Picard, in their individual capacities, should remain pending.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiff, Susan Goodman.  In her Complaint and Amended Complaints, plaintiff names the City of Abbeville, the Abbeville Police Department ("APD"), Chief of Police Rick Coleman ("Coleman"), and Officers Jay Allen Capterville ("Capterville") and Nicholas Picard ("Picard").  Plaintiff alleges that her civil rights were violated when Officers Picard and Capterville unlawfully entered her property, falsely arrested her using excessive force for leash law and dangerous dog ordinance violations (non-criminal charges) and resisting arrest, thereafter maliciously prosecuting her on these charges, and subsequently altering the charging documents.  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. In her Prayer for Relief, plaintiff prays  for an award of punitive damages "but only against the individual Defendant Police Officers . . . .'" [rec. doc. 1, Prayer for Relief, ¶ II; rec. doc. 3, Prayer for Relief, ¶ II].

With respect to Chief Coleman, plaintiff alleges that he was aware of Officers Capterville's and Picard's allegedly unlawful actions ("encroachment of plaintiff's property", "arrest on non-criminal charges", and "alterations of these specious charges") and that when plaintiff conferred with Coleman after these actions, . . . he agreed with all of these actions."  rec. doc. 3, ¶ ¶ 32, 44].  She further asserts that Capterville and Picard were "in the chain of command under Coleman." [rec. doc. 3, ¶ ¶ 32, 39 and 44].

2

## LAW AND ANALYSIS

Fed.R.Civ.Proc. 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 178 (5th Cir. 2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962).[1]

"A disputed question of fact cannot be decided on motion to strike."  *Id*. Moreover, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."  *Id*.  Under such circumstances, it is proper for courts to leave the sufficiency of the allegations for determination on the merits.  *Id.*

Initially, the undersigned notes that plaintiff expressly limits her claim for punitive damages to the "individual Defendant Police Officers".  The Court understands this allegation as a request for punitive damages solely against Officers Capterville and Picard in their individual capacities.   Accordingly, it does not  appear that plaintiff requests an

---

[1] The relief which movants request is more properly brought pursuant to Fed.R.Civ.Proc. 12(b)(6).  Granting the defendants' Motion to Strike, under the circumstances of this case, has the same effect as granting a Rule 12(b)(6) motion.

award of punitive damages from the City of Abbeville, Chief Coleman or Officers

Capterville and Picard in their official capacities.   The court will nevertheless address the

claims against each defendant out of an abundance of caution.

The Supreme Court has held unequivocally that "[a] municipality is immune from

liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*,

453 U.S. 247, 270-71 (1981). Thus, any allegations seeking recovery of punitive damages

against the City of Abbeville, under federal law, should be stricken from the pleadings as

a matter of law.

The Supreme Court has also held that "an official-capacity suit is, in all respects

other than name, to be treated as a suit against the entity. It is not a suit against the official

personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159,

161 (1985). Plaintiff is barred from recovering punitive damages against an official acting

in his official capacity.  Accordingly, plaintiff cannot recover such punitive damages

under federal law against Chief Coleman, Officer Capterville or Officer Picard, in their

official capacities.  Therefore, the defendants' motion should be granted in that respect.

The Supreme Court has recognized, however, that punitive damages are

recoverable under federal law against municipal employees when sued in their individual

capacities. *See Smith v. Wade*, 461 U.S. 30, 35 (1983). Plaintiff's Complaint alleges that

Officers Capterville and Picard acted personally to violate the civil rights of plaintiff

when they unlawfully entered her property and falsely arrested her on non-criminal

**4**

violations, while employing excessive force during the arrest.  These allegations, if proven at trial, are sufficient to support an award of punitive damages against Officers Capterville and  Picard, under federal law, in their individual capacities. The Motion to Strike should therefore be denied as to plaintiff's claims for punitive damages under federal law against Officer Capterville and Officer Picard in their individual capacities.

Chief Coleman contends that there are insufficient factual allegations to support a finding of personal or individual involvement necessary to support a claim for punitive damages against him. Read liberally, plaintiff's Complaint alleges personal involvement by Chief Coleman in the alleged constitutional violations, or by way of his participation in an alleged conspiracy to violate plaintiff's constitutional rights, by agreeing with the actions of Officers Capterville and Picard, despite having personal knowledge of the unlawfulness of those actions via plaintiff's conference with him.  While these allegations may not survive an appropriate dispositive Motion, given that the action of striking a pleading is a drastic remedy which should be sparingly used by the courts and resorted to only when required for the purposes of justice, the defendants' Motion to Strike should be denied as to plaintiff's claims for punitive damages, under federal law, against Chief Broussard, in his individual capacity.

To the extent that plaintiff seeks an award of punitive damages on her claims asserted under Louisiana state law, the defendants' Motion to Strike should be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless

5

specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988).  Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants; the Court knows of none either. Accordingly, the Court should strike plaintiff's claims for punitive damages under her state law claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

6

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed September 7, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

7